IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ryan C. Sellers, On Behalf of Herself and Others Similarly Situated, | |
| Plaintiffs, | CIVIL ACTION NO.:_____2:17-cv-2758-PMD_____ |
| v. | |
| Keller Unlimited LLC. DBA Two Keys Tavern; 57 Limited LLC, DBA Two Keys Public House and Mark Keller individually, | COLLECTIVE ACTION COMPLAINT (Jury Trial Requested) |
| Defendants. | |

Plaintiff Ryan C. Sellers, individually and on behalf of herself and all others similarly situated, by counsel, allege the following claims against the Defendants, Keller Unlimited LLC. DBA Two Keys Tavern, 57 Limited LLC DBA Two Keys Public House and Mark Keller individually pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

## NATURE OF CLAIMS

1.      This is an action for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*,.

2.      Plaintiff is a former employee of Defendants.  The Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b).  along with other similarly situated employees.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201, and 2202.

4.       Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

5.       Each of the Defendants is subject to personal jurisdiction in the State of South Carolina.

## PARTIES

6.       Plaintiff Ryan Sellers is over the age of nineteen (19) and is a resident of Charleston County, South Carolina.

7.       Defendant Keller Unlimited LLC. DBA Two Keys Tavern is a for-profit limited liability corporation, organized and existing under the laws of South Carolina.

8.       Defendant 57 Limited LLC. DBA Two Keys Public House is a for-profit limited liability corporation, organized and existing under the laws of South Carolina

9.       On information and belief, Mark Keller is a citizen and resident of the State of South Carolina and is an owner and operator of Two Keys Tavern and Two Keys Public House.

## FACTS AND ALLEGATIONS

10.      At all times relevant herein, Defendants own and operate Two Keys Tavern located at 650 College Park Rd B, Ladson, South Carolina 29456.

11.      At all times relevant herein, Defendants own and operate Two Keys Public House located 205 Grandview Drive, Unit G Summerville, SC 29483.

12.      Mark Keller owns and operates Two Keys Tavern and Two Keys Public House. He has the authority to hire, fire, and discipline employees of Two Keys Tavern.  He was involved in the decisions to set the wages and pay for Plaintiff and all other similarly situated employees; and, therefore, Mark Keller is individually liable to Plaintiff and all other similarly situated employees.

13.     Two Keys Public House and Two Keys Tavern are Restaurants/Sports Bar. Both locations offer pool tables, large screen TV's, a selection of beer, bourbon, vodka, as well as a menu featuring burgers, and other traditional American cuisine. http://www.2keystavern.com/; http://www.2keyspublichouse.com/.

14.     Ms. Sellers worked for the Defendants under the title Bartender from approximately May 2013 until December 2016   Her primary duties as a bartender included taking customer's drink orders and serving alcohol drinks to customers.

15.     Defendants paid Plaintiff, and all other similarly situated employees, less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

16.     Defendant paid Plaintiff an hourly wage of $4.25 when she worked shift as a Bartender.

17.     Plaintiff and other similarly situated bartenders had an employment agreement with the Defendant, whereby the Defendant agreed to pay an hourly rate for all hours worked.

18.     Occasionally Plaintiff worked "management shifts" and was paid a flat -rate for the shift.  Plaintiff performed the same duties on the management shift as she did on the bartending shifts, however she was also responsible for closing the restaurant.

19.     Plaintiff did not have the authority to hire and fire employees when she worked a management shift. Nor did she set employees rates of pay or set their schedule.

20.     Defendant took deductions from Plaintiff's and similarly situated employees pay for walk-outs, breakage, shortages which reduce Plaintiff's wages below the minimum wage.

21.     Defendants use a hospitality control service called Bevinco to provide an inventory management service for wine, beer, draft and liquor.  Bevinco performs on-premise bar audits for the Defendants with the goal of decreasing their losses and increasing their profits.  Bevinco

regularly monitored the Defendants' alcohol inventory levels for loss, waste, spillage and theft. See http://www.bevinco.com/

22.    Bevinco reported to Defendants the inventory loss on beer, wine and liquor each week.  The Defendants imposed a theory of collective punishment on all bartenders for the losses by requiring each bartender to pay towards the loss.

23.    Plaintiff and other similarly situated bartenders were required to pay their imposed share of the loss reported by Bevinco to the Defendants from their hourly wage that they earned. Plaintiff's pay stubs reflect that the Defendant regularly dock her wages for "Bar Shortages" and which was usually between seventy ($70.00) to one hundred dollars( $100) from her pay check.

24.    If Plaintiff and similarly situated bartenders did not make enough in their pay check to cover the shortages then they were required to pay the Defendant from their tips. Plaintiff has had to pay the Defendants as much as $96.00 from her tips.

25.    Defendants regularly required the Plaintiff and other similarly situated employees to work "off the clock".

26.    Defendants regularly required the Plaintiff and other similarly situated employees to attend mandatory meetings that usually lasted an hour and half (1 ½).

27.    Plaintiff and similarly situated bartenders were not compensated for these meeting.

28.    Defendant required the bartenders to perform non-tipped producing duties that were unrelated to their tipped producing work for periods in excess of twenty percent (20%) of their time at work.

29.    Defendant violated the FLSA by requiring the bartenders to perform non-tipped unrelated duties and not paying them the Federal Minimum Wage of $7.25 for time they spent working in the restaurant.

30.     Examples of non-tipped work which the bartenders were required to perform at the reduced tip credit rate included but was not limited to: (i) cleaning the walk-in freezer; (ii) cleaning the floor drains; (iii) sweeping and scrubbing the deck; (iv) stock the bar with beer, ice and liquor; (v) cleaning the beer refrigerator; (vi) wiping down all the chair legs; (vii) washing the glassware;

31.     Defendants had mandatory "cleaning parties" approximately once a month where they required the Plaintiff and similarly situated workers to work when the restaurant was closed and do heavy cleaning for two to three hours.

32.     Plaintiff and other similarly situated employees were not exempt from the minimum wage and overtime compensation provisions of the FLSA.

**FOR A FIRST CAUSE OF ACTION**
**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201, et seq.)**
**(Individual and Collective Action)**

33.     Plaintiff, on behalf of herself and all other similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

34.     The FLSA mandates that employers compensate non-exempt employees at a minimum wage rate of $7.25 per hour.

35.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing employers to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips is only amongst those who customarily and regularly receive tips.

36.     When the employer, its owners, or its managers retain a portion of the employees' tips, the tip credit exception is invalidated.

37.     Without the benefit of the tip credit provision, Defendants must pay each nonexempt employee the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour.

38.     Defendants paid Plaintiff Sellers and other bartenders an hourly rate of $4.25 and took a tip credit of $3.00 toward Defendants' minimum wage obligation.

39.     Defendants' compensation of Plaintiff and similarly situated bartenders violates the minimum wage provisions of the FLSA in several ways including but not limited to:

        b.     Defendants unlawfully retained portions of the tips and wages received by Plaintiff to cover their inventory shortages;

        c.     Defendants failed to provide oral or written notice of the FLSA's requirements for a valid tip credit.

40.     At all times relevant herein, Defendants have been regularly engaged in interstate commerce.

41.     At all times relevant herein, Defendants have been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

42.     At all times relevant herein, each Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203.

43.     At all times relevant herein, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s).

44.     At all times relevant herein, the annual gross sales volume of the Defendants' business was in excess of $500,000.00.  Additionally, Plaintiffs and other similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

45.     Plaintiff, on behalf of herself and other similarly situated employees is entitled to recover damages as a result of the Defendants' violations of the minimum wage provisions of the

FLSA, liquidated damages in an equal amount, and her reasonable attorneys' fees and costs incurred in bringing this action.

46.    Defendants' violation of the tip credit was willful, knowing, intentional, and reckless, and therefore, Plaintiff on behalf of herself and other similarly situated employees are entitled to recover liquidated damages from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of herself and all others similarly situated individuals who join this action demand:

a. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b. Judgment against Defendants for an amount equal to Plaintiffs unpaid minimum wages at the applicable hourly rate of $7.25;

c. Judgment against the Defendants for the amount of unlawfully retained portions of the tips they received from Plaintiffs;

d. Judgment against Defendants that their violations of the FLSA and its implementing regulations were willful;

e. Liquidated damages in an amount equivalent to the overtime damages, and unpaid minimum wages owed to Plaintiffs;

f. Attorneys' fees and costs; and

g. All such further relief as the Court deems just and equitable.

## **JURY DEMANDED**

Plaintiff Sellers on behalf of herself and all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

/s/ Marybeth Mullaney
Marybeth Mullaney, Esq.
Fed. ID No. 11162
Mullaney Law, LLC
1037-D Chuck Dawley Blvd
Mount Pleasant, South Carolina 29464
(843) 588-5587 (Phone)(Facsimile)
marybeth@mullaneylaw.net

*Attorneys for Plaintiff*