IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ryan Sellers, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Keller Unlimited LLC, DBA Two Keys Tavern, 57 Limited LLC, DBA Two Keys Public House and Mark Keller individually<br><br>Defendants. | CIVIL ACTION NO.: 2:17-cv-02758-PMD |

## DECLARATION OF RYAN SELLERS

1. My name is Ryan Sellers. I am the named Plaintiff in this action.

2. I am over eighteen years of age and have personal knowledge of and am competent to testify as to the matters stated in this declaration.

3. I was employed by Keller Unlimited LLC, 57 Limited LLC and Mark Keller from May of 2013 until December of 2016.

4. Mark Keller (Mr. Keller) owns and operates both companies. Keller Unlimited LLC, does business as Two Keys Tavern and is located 650 College Park Rd B, Ladson, SC 29456. 57 Limited LLC, does business as Two Keys Public House and is located at 205 Grandview Dr. Summerville, SC 29483. Both are sports bars that also serve food.

5. I was employed as bartender. The Defendants paid me $4.75 and hour plus tips. My primary duties included taking customers' drink orders and serving alcohol drinks to customers.

6. I worked in both locations. However, I primarily worked at Two Keys Tavern. My job duties and manner of compensation was the same in both locations.

7. The Defendants had a policy of requiring myself and the other bartenders to pay for any bar shortages from my weekly hourly wages and cash tips. Myself and the other bartenders complained to the managers about this policy.

8. The Defendants required me to sign a form stating that I agreed to be financially responsible for any bar shortages. If I did not sign the form, I was told I would not be hired.

9. The Defendants used an inventory control service called Bevinco to monitor their alcohol inventory levels for loss, waste, spillage and theft.

10. Each week, Bevinco provided the Defendants with a report that showed overages, losses and total revenue lost. The Defendants divided the total loss between all the bartenders and it was deducted from mine and the other bartenders' hourly wages. This was reflected on my pay stub as "Bar Shortages". If my hourly wages were not enough to cover the Defendants' losses, then I was responsible for paying the balance from my cash tips.

11. The Defendants required me to pay him for the losses that Bevinco reported, even if I did not work that week. Additionally, myself and the other bartenders were required to pay for the beer and alcohol losses at the full retail cost not at the cost to the Defendants.

12. One-week Bevinco, claimed that the bar was short one keg of Budweiser. The Defendants made us pay $436.00 split between all the bartenders. The following week Bevinco reported that the bar was up one keg of Budweiser. We asked the managers to reimburse us and they refused.

14. One-week Bevinco, claimed that the bar was short one keg of Budweiser. The Defendants made us pay $436.00 split between all the bartenders. The following week Bevinco reported that the bar was up one keg of Budweiser. We asked the managers to reimburse us and they refused.

15. The Defendants also required me and the other bartenders to pay for walk-outs, breakage, and mis-ordered food items from our cash tips.

16. Defendants regularly required me and the other bartenders to attend mandatory meetings that usually lasted an hour and half (1 ½). We were not compensated for this time.

17. Defendants required me, as well as the other bartenders and servers to perform heavy duty cleaning for periods in excess of twenty percent (20%) of our shift. We were routinely required to do the following:(i) clean the beer coolers with a shop-vacuum cleaner; (ii) clean the floor drains; (iii) sweep and scrubbing the deck; (iv) stock the bar with beer, ice and liquor; (v) cleaning the beer refrigerator; (vi) wipe down all the chair legs; (vii) wash the glassware; (viii) scrub the walls; (iv) clean the bathrooms. Myself and the other bartenders were paid $4.25 an hour, servers were paid $2.13 an hour.

18. Defendants had mandatory "cleaning parties" approximately once a month, they required myself and the other servers and bartenders to do heavy cleaning for two to three hours when the bar was closed. We were not compensated for this time.

19. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

FURTHER DECLARANT SAYETH NOT.

_Ryan C. Sellers_
Ryan Sellers

3