IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ryan Sellers, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>Keller Unlimited LLC, DBA Two Keys Tavern; 57 Limited LLC, DBA Two Keys Public House and Mark Keller, *individually*,<br><br>    Defendants. | Civil Action No. 2:17-2758-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for conditional class certification. (Dkt. No. 18.) For the reasons set forth below, the Court grants Plaintiff's motion.

**I.   Background**

Ryan Sellers, a former bartender employed by Defendants, filed this collective action on behalf of herself and others similarly situated, alleging violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Dkt. No. 1 ¶¶ 1-2.) Four individuals opted-in as plaintiffs.[1] Specifically, Plaintiff alleges that Defendants violated the tip credit provision of the FLSA, 29 U.S.C. § 203(m), by taking deductions from Plaintiff's hourly wages and cash tips for "Bar Shortages," which lowered Plaintiff's compensation below the statutory minimum wage. (*Id.* ¶¶ 15, 23-24.) Under the FLSA, Plaintiff moves for conditional certification of her collective action for minimum wage compensation and

---

[1] The opt-in plaintiffs are Alexis Ford Doan and Rebecca Freeman (Dkt. No. 6), Heather Steele (Dkt. No. 7), and Tandra Prusia (Dkt. No. 17). (The Court refers to Plaintiff—in the singular—to reflect Plaintiff's styling of the motion as "Plaintiff's Motion for Conditional Certification.")

permission to send an opt-in notice to similarly situated individuals. (Dkt. No. 18.) Defendants objected to the motion (Dkt. No. 23) and Plaintiff replied (Dkt. No. 24).

## II. **Legal Standard**

The Fair Labor Standards Act ("FLSA") permits a plaintiff to bring a collective action on behalf of herself and other employees who are "similarly situated" to the plaintiff. 29 U.S.C. § 216(b). Specifically, the collective action provision provides:

> An action to recover [unpaid overtime compensation] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "In order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.'" *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Certification of a collective action is a two-stage process. *See Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831, 840–41 (D.S.C. 2017). First, "a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" that they can "opt-in" to the collective action. *Pelczynski v. Orange Lake Cntry. Club, Inc.*, 284 F.R.D. 364, 367–68 (D.S.C. 2012). At this "notice stage," the Court reviews the pleadings and affidavits to determine whether the plaintiff carried her burden of showing she is similarly situated to the proposed class members. *Id.* at 368. If the Court determines that the proposed class members are similarly situated to the plaintiff, the Court will conditionally certify the class. *Id.* at 841. The putative class members are then given notice and the opportunity to "opt-in" to

the litigation, and the action proceeds as a representative action throughout discovery. *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1 (D.S.C. July 28, 2017).

Then, in the second stage of collective certification, the defendant may move after discovery to decertify the collective action by "pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Higgins*, 2017 WL 3207722, at *2. Upon such a motion, the Court will apply a heightened standard to the "similarly situated" analysis. *Steinberg v. TQ Logistics, Inc.*, No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *2 (D.S.C. Apr. 7, 2011). For example, the Court may consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Curtis v. Time Warner Entm't-Advance/Newhouse P'ship*, No. 3:12-cv-2370-JFA, 2013 WL 1874848, at *3 (D.S.C. May 3, 2013) (internal quotation marks and alterations omitted). If the Court finds that the plaintiffs are not, in fact, similarly situated, then the Court may decertify the class, dismiss without prejudice the opt-in plaintiffs' claims, and permit the named plaintiff to proceed on her individual claims. *Id.*

### III. Discussion

Plaintiff moves the Court to: (1) authorize this matter to proceed as a collective action, (2) authorize mailing of the Proposed Notice to all putative plaintiffs "who worked during the time period beginning three years prior to the filing of the action through the present,"[2] and (3)

---

[2] Plaintiff requests the Court authorize notice to similarly situated employees who worked for Defendants from "three years *prior to the filing of the action*" (Dkt. No. 18 at 2)—which is 2014, since the Complaint was filed in 2017, but also moves to certify a collective class of similarly situated plaintiffs who worked for Defendants from "three years *from the date of the Court's*

require Defendant to produce a list of the names, addresses and telephone numbers of all parties to this action so that they can receive notice. (Dkt. No. 18 at 2.)

A. **Conditional Class Certification**

The Court should conditionally certify a collective action and authorize notice where the members "share common underlying facts and do not require substantial individualized determinations for each class member. . . ." *Turner*, 268 F. Supp. 3d at 835 (citing *Purdham*, 629 F. Supp. 2d at 549). At this initial stage in the analysis, the burden of demonstrating that a plaintiff and putative class members are "similarly situated" is fairly lenient, requiring "only a modest factual showing that members of the proposed class are 'victims of a common policy or plan that violated the law.'" *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1 (D.S.C. July 28, 2017) (citing *Purdham*, 629 F. Supp. 2d at 548). "Numerous courts have found that a plaintiff's showing that employees were subject to a common practice of misclassification is sufficient to show that employees are similarly situated." *Degidio v. Crazy Horse Saloon & Rest., Inc.*, No. 4:13-CV-02136-BHH, 2015 WL 5834280, at *19 (D.S.C. Sept. 30, 2015) (collecting cases).

Here, Plaintiff moves the Court to conditionally certify a proposed class of:

> All current and former bartenders, who were required to contribute a portion of their hourly wages and/or cash tips to cover "Bar Shortages" from [three years from the date of Court's Conditional Certification Order] to the present.

(Dkt. No. 18 at 2.) Plaintiff alleges that she and the members of the proposed class are similarly situated because, as bartenders at the Two Keys Tavern and/or Two Keys Public House, they shared the same basic job duties, manner of compensation, and were subject to the same policy

---

*Conditional Certification Order*" (Dkt. Nos. 18 at 2; 18-2 at 2)—which is 2015, since this Order is issued in 2018. The Court construes Plaintiff's motion as for conditional certification of a class of Defendants' similarly situated employees from 2015 to present.

of bartenders contributing a portion of their wages for "Bar Shortages." (Dkt. No. 18 at 4.) Plaintiff and two opt-in plaintiffs each affirm that, as bartenders employed by Defendants, they were paid $4.75 an hour plus tips, had the primary duty of taking and serving customers' drink orders, and were subject to Defendant's policy of requiring bartenders to pay for bar shortages from their weekly hourly wages and cash tips. (Dkt. Nos. 18-3 ¶¶ 5, 7; 18-4 ¶¶ 5, 9; 18-5 ¶¶ 5-6.) Defendants contest that this meets the modest factual showing necessary to demonstrate the putative class members are "similarly situated" because (1) this is Plaintiff and Rebecca Freeman's second claim arising out of employment by Defendants; (2) Plaintiff "also worked often a [sic] Bar Manager for Defendant";[3] and (3) Plaintiff's "allegations . . . are illusory, because some of the bartenders in defendants' establishments did not claim their [sic] all of their tips as income." (Dkt. No. 23 at 7.) These arguments, as well as Defendants' discussion of whether Plaintiff sufficiently stated a claim for violation of the FLSA, are inapposite to the standard applied in the first stage of conditional certification: whether Plaintiff is sufficiently similar other employees of Defendants with the same bartending job duties who were also subject to Defendant's "Bar Shortage" policy.

Based on the "facts and circumstances" alleged, the Court finds Plaintiff met the lenient standard applied to this initial stage of collective certification by demonstrating that she is similarly situated to potential opt-in plaintiffs. *Purdham*, 629 F. Supp. 2d at 547-48 (quoting *Hoffman-LaRoche, Inc.*, 493 U.S. at 170). The Court grants conditional class certification.

---

[3] Opt-in Plaintiff Rebecca Freeman declares she was occasionally a "shift manager" for Defendant from November 2015 to December 2016, for which she performed the same duties as bartender plus closing the bar. (Dkt. No. 18-4 ¶ 7.)

B.  **Notice to Potential Opt-in Plaintiffs**

A collective action notice is intended to give potential opt-in plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170. The Court may approve a notice that is "timely, accurate, and informative." *Id.* at 172. Plaintiff offers a Proposed Notice (Dkt. No. 18-2), to which Defendant makes no objection or argument in opposition.

Regarding the manner of distribution, the Court approves sending the Proposed Notice to potential members via first-class mail. (Dkt. No. 18 at 10.) Relatedly, the Court orders and directs Defendants to provide Plaintiff, within fourteen days of this Order, an Excel list of the (1) full name, (2) last known mailing address, and (3) telephone number of current and former bartenders employed by Defendants who were required to contribute a portion of their hourly wages and/or cash tips to cover "Bar Shortages" from September 2015 to the date of Defendants transmitting the list to Plaintiff. Regarding the notice's contents, the Court finds the Proposed Notice provides potential opt-in plaintiffs accurate information regarding their possible FLSA claims and options. The Proposed Notice is approved as submitted (Dkt. No. 18-2), but Plaintiff is directed to correct the case caption and reference to the presiding Judge throughout and to disclaim under the header that the notice is not a client solicitation.[4] Last, the Court approves the opt-in period of sixty days from the date of the notice.[5] (Dkt. Nos. 18 at 10; 18-2 at 2.)

---

[4] *See* S.C. R. Prof. Conduct 7.1, 7.2 and 7.3.

[5] Plaintiff's Proposed Notice does not include a Proposed Consent to Join form. The Court directs Plaintiff to *Weckesser v. Knight Enterprises S.E., LLC*, No. 2:16-cv-02053-RMG (ECF No. 29-6 at 7) for an example of an approved Proposed Consent to Join form in an FLSA collective action.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for conditional class certification (Dkt. No. 18) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 20, 2018
Charleston, South Carolina