IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ryan Sellers, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Keller Unlimited LLC, DBA Two Keys Tavern; 57 Limited LLC, DBA Two Keys Public House and Mark Keller, *individually*, <br><br> Defendants. | Civil Action No. 2:17-2758-RMG <br><br><br> **ORDER** |

Before the Court is Plaintiffs' motion for summary judgment on the issue of damages and petition for attorneys' fees. (Dkt. No. 64.) For the reasons set forth below, the motion is granted.

**I.   Background**

Plaintiffs, employed by Defendant Mark Keller as bartenders at his restaurants Two Keys Public House and Two Keys Tavern, alleged that Defendants violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* by deducting a portion of their hourly wages for bar shortages while claiming a tip credit under the statute. After granting Plaintiffs' motion for conditional class certification, the Court granted Plaintiffs summary judgment on the issue of liability and found that Defendants willfully violated the FLSA, for which Mr. Keller was individually liable, and that liquidated damages were warranted. (Dkt. No. 56.) The Court then directed the parties to brief on summary judgment the calculation of damages, as well as any petition for attorneys' fees. (Dkt. No. 63). These issues are now ripe for the Court to resolve.

## II. Legal Standard

### A. Summary Judgment

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might "affect the outcome of the suit under the governing law." *Id.* On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *Perini Corp v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990); *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) ("[The Court] views all facts, and all reasonable inference to be drawn from them, in the light most favorable to the non-moving party.").

### B. Reasonable Attorneys' Fees and Costs

"The payment of attorney's fees to employees prevailing in FLSA cases is mandatory." *Burnely v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (citing 29 U.S.C. § 216(b)). "The amount of attorney's fees, however, is within the sound discretion of the trial court." *Id.* (affirming district court's award of attorneys' fees in FLSA case). The court will first "determine [the] loadstar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.2d 235, 243 (4th Cir. 2009). To identify reasonable hours expended and rates charged, the court is "bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 448 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth

Circuit Court of Appeals in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).[1] The court may then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Doe v. Kidd*, 656 Fed. App'x. 643, 651-52 (4th Cir. 2016). Last, the adjudicator may award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* Because the district court "has close and intimate knowledge of the efforts expended and the value of the services rendered . . . an appellate court is not warranted in overturning the trial court's judgment unless under all the facts and circumstances it is clearly wrong." *Barber*, 577 F.2d at 226.

### III.  Discussion

#### A.  Plaintiffs' Motion for Summary Judgment on Damages

The sole issue in dispute is the amount of damages to which Plaintiffs are entitled. Defendants contend that damages should be limited to Plaintiffs' "unpaid minimum wages," achieved "either by requiring Defendants to reimburse the bartenders for the amounts deducted for bar shortages, or by requiring the Defendants to reimburse the bartenders only to the extent that the bar shortage deductions caused their pay to fall below minimum wage with the Tip Credit." (Dkt. No. 65 at 2.) Plaintiffs seek damages that are the difference between $7.25, the

---

[1] "The facts and circumstances to be considered by the district court in determining reasonable attorney's fees include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Burnley*, 730 F.2d at 141, n.2.

federal hourly minimum wage, and the hourly wage they were actually paid within the statutory period. (Dkt. No. 64-1 at 5.)

The FLSA mandates that an employer who violates the statute "shall be" liable for both unpaid wages and liquidated damages in an amount equal to the unpaid wages. 29 U.S.C. § 216(b). "The amount paid to a tipped employee by an employer is increased on account of tips by an amount equal to the formula set forth in the statute, . . . *provided that the employer satisfies all of the requirements of section 3(m).*" 29 C.F.R. § 531.59 (emphasis supplied). The tip credit provision provides that an employer may pay a tipped employee less than the statutory minimum hourly wage, but not less than $2.13 per hour, if the tips she actually receives, when added to the hourly wage she is actually paid by the employer, are at least equal to the statutory minimum wage, here $7.25. 29 U.S.C. § 203(m)(2).

Here, it is undisputed that the statutory minimum wage is $7.25 per hour, that Defendants claimed a tip credit to instead pay Plaintiffs between $4.13 and $4.75 per hour, and that Defendants deducted from Plaintiffs' paychecks an amount equivalent to lost revenue for bar shortages. (Dkt. No. 41-2 at 4-5, No. 45 at 7, No. 45-1 ¶ 2, 9.) Because of that deduction, it is undisputed that the amount of cash wages *actually* paid (after the bar shortage deduction) plus the tip credit is below $7.25, the applicable minimum hourly wage. Therefore, Defendant did not comply with the requirements of Section 203(m)(3) and cannot take advantage of the tip credit. Because Defendants did not follow the mandates of Section 3(m), damages do not take the tip credit into account. *See Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977) (holding that appropriate damages where defendant failed to follow requirements of Section 203(m) were the "payment of applicable minimum wage in full" because "if the employer does not follow the command of the statute, he gets no credit.").

Regarding Defendants' liability for liquidated damages, the Court may, in its discretion, decline to award such liquidated damages if the employer demonstrates that its statutory violations were in good faith. *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997). "Good faith requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Braxton v. Jackson*, No. 18-2051, 2019 WL 3451807, at *2 (4th Cir. July 31, 2019) (internal quotation marks omitted). Here, however, the Court previously held that liquidated damages are warranted in light of Defendants repeat and willful disregard for the statutory restrictions.[2]

Having carefully considered the parties' arguments in light of binding precedent in this circuit and against the Rule 56 standard, the Court finds that Plaintiffs have met their burden of demonstrating there is no material fact in dispute as to the appropriate calculation of damages under the FLSA. The Court grants Plaintiffs' motion and awards damages in the amount sought of $31,521.83 in unpaid wages and $31,521.83 in liquidated damages, as set-forth by each plaintiff at Dkt. No. 64-2.

**B.      Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs**

Plaintiffs seek an award of $69,973.46, including $66,363.00 in fees. As to the loadstar amount and *Barber* factors, first, Plaintiffs' counsel's hourly rate of $300 is within the customary range found reasonable in other FLSA litigations in this district on the basis of a prevailing market rate. *See, e.g., DwWitt v. Darlington Cnty, S.C.*, No. 4:11-cv-00740-RBH, 2013 WL

---

[2] (Dkt. No. 56.) For instance, it is undisputed that Mr. Keller did not consult with a lawyer on labor law compliance (Dkt. No. 41-2 at 12, 17, 27); did not consult with a lawyer on his practice of bar shortage deductions (*id.* at 22); did not himself research labor laws (*id.* at 15); did not take any steps to verify that the payroll company was ensuring employees were properly paid (*id.* at 18); and continued to deduct bar shortages from employees' paychecks and implement the policy as a term of employment after being put on notice of applicable law by Plaintiffs' complaint (*id.* at 32, 35).

6408371, at *13 (D.S.C. Dec. 6, 2013) (collecting cases). A review of Plaintiffs' counsel's timekeeping submissions raises no indication that the time and labor she expended at that rate, approximately 214 hours, is unreasonable. Counsel began representing Plaintiffs in October 2017, took or defended seven depositions, and successfully briefed conditional certification, Defendants' motion to decertify, and summary judgment on liability. The legal complexity of a tip credit provision litigation with opt-in plaintiffs appears to be appropriately reflected in counsel's billing records. The nature of this employment litigation's required labor and risk of payment similarly indicates a level of undesirability of the case that counsel elected to undertake. Relatedly, the legal issues litigated and requirements of representing opt-in plaintiffs required a certain degree of specialized skill and experience that counsel dedicated to this matter. As a solo practitioner, counsel was reasonably precluded from dedicating her time on this matter to another case during the same period, thereby representing an opportunity cost. In light of these circumstances, the Court finds that the amount of attorneys' fees sought is reasonable. Because Plaintiffs' counsel was successful on all claims and motions, the Court in its discretion awards Plaintiffs the full fee amount sought.

Plaintiffs also seek reimbursement of $3,610.00 in litigation costs. Plaintiffs' counsel submits an affidavit stating she reviewed her law firm's expenditures in this matter, which were tracked by software, and they include costs for mailing the § 216(b) notice as well as filing fees, service fees, court reporters' fees, mediation fees, address search fees, and deposition transcripts. (Dkt. No. 64-3 ¶ 15.) The Court finds that the costs sought are reasonable given the number of opt-in plaintiffs, the seven depositions taken or defended, and the duration of the litigation.

## IV.     Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment on damages and petition for reasonable attorneys' fees and costs (Dkt. No. 64) is **GRANTED**. Plaintiffs are awarded $63,043.66 in damages and $69,973.46 in attorneys' fees and costs.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 26, 2019
Charleston, South Carolina