IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
C/A #2:17-cv-2758-RMG

| | |
|---|---|
| Ryan C. Sellers, etc., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | DEFENDANTS' MEMORANDUM |
| ) | IN SUPPORT OF MOTION |
| Keller Unlimited, LLC, DBA Two Keys ) | TO AMEND OR ALTER |
| Tavern, 57 Limited, LLC, DBA Two Keys ) | JUDGMENT- RULE 59(E) |
| Public House, and Mark Keller, ) | FRCP |
| individually, ) | |
| ) | |
| Defendants. ) | |

This motion, brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (FRCP"), is presented to the Court following the Court's Orders granting Plaintiffs Summary Judgment dated June 26, 2019, Docket No. 56 (liability) and dated August 26, 2019 and August 28, 2019, Docket Nos. 66 and 67, respectively (damages). Pursuant to Rule 59(e), a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010). This motion addresses only factor #3; that there has been a clear error of law or manifest injustice in the subject Orders.

This motion is timely in that it is filed within 28 days of this Court's Orders fixing damages, notwithstanding that the Order finding liability against the Defendants was filed on

1

June 26, 2019. Rule 59(e) FRCP. "[A] judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined." Calderon v. GEICO Ins. Co., 754 F. 3d 201 (4th Cir. 2014) citing Carolina Power & Light Co. v. Dynegy Mktg.Trade, 415 F.3d 354, 358 (4th Cir.2005), abrogated on other grounds by Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, ––– U.S. –––, 134 S. Ct. 773, 779-80, 187 L.Ed.2d 669 (2014).

Defendants recognize that Rule 59(e) motions cannot be used as opportunities to re-litigate issues already ruled upon because the litigant is displeased with the result. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Ultimately, the decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of this Court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Defendants respectfully contend that a clear error(s) of law or manifest injustice has been suffered as set forth in this motion. Defendants request that this Court review all of the Orders granting Summary Judgment to Plaintiffs on that basis.

This is a case brought under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§201 et seq.  The clear error(s) of law claimed by Defendants is based on this Court's lack of recognition of, and lack of application of , the case of  Perez v. Ocean View Seafood Restaurant, Inc., 217 F. Supp.3d 868 (D.S.C. 2016), and the cases cited  in that opinion,  in its Orders in this case. Perez v. Ocean View is a case from another Untied States District Court for the District of South Carolina  which reached the opposite conclusion on the issue of damages in a FLSA case than this Court did in the above referenced Orders granting summary judgment.  Additionally, genuine issues of material fact exist as to whether or not the Defendants' deductions for bar shortages caused the Plaintiff's wages to fall below minimum wage. The manifest injustice claimed by the Defendants is this Court's lack of recognition of, and lack of application of the

law articulated in the Perez v. Ocean View case, the lack of an explanation as to why the principles of law articulated in the Perez v. Ocean View case, and the cases cited therein, are not applicable in this case, and the resulting award of damages to the Plaintiffs in this case which is not supported by the FLSA or by applicable case law.

Perez v. Ocean View states that the issue of forfeiture of the tip credit "appears to be a case of first impression in the Fourth Circuit" when a tipped employee claims to have not been paid minimum wage. Perez v. Ocean View, 217 F. Supp.3d at 875. The specific issue remains novel in the Fourth Circuit to this day. While the decision of another district court judge *may* not be binding precedent upon this Court, as discussed below, employers in South Carolina would have no way to predict that this Court would rule differently, three (3) years later in 2019, and significantly alter the employer's rights and obligations from those stated in Perez v. Ocean View, and prejudice the employer's interests. This issue is particularly relevant when FLSA issues, such as "good faith" and "willfulness," are involved in the penalties assessed against the employer. The Defendants in this case question how the damages and penalties assessed against them in this case for a "willful" violation of the FLSA can be completely opposite from the damages and penalties assessed against a similarly situated employer in the only other reported case from this district with somewhat similar facts without there being a clear error of law or manifest injustice?

District Court Judge Mary Geiger Lewis, in the Perez v. Ocean View case, was detailed in her reasoning on the issue of forfeiture of the tip credit, the very issue presented in this case, and in her direct distinction of the applicability of the case of Richard v. Marriott Corp., 549 F.2d 303 (4th Cir. 1977) in cases such as this, which allege a failure to pay minimum wage. The Richard case was relied upon heavily by this Court in both the Order granting summary

judgment on liability and the Order granting summary judgment on damages, without any explanation why the Perez v. Ocean View case, and its well- reasoned distinguishing remarks regarding the Richard case, have no applicability here. For these reasons, the Defendants request the Court to reconsider its Orders granting Plaintiffs summary judgment for reasons set forth below.

**1.     The Court clearly erred in finding that the appropriate remedy in this case, where the employers made use of the "tip credit" for tipped employees (hereinafter known as "the bartenders"), and deducted amounts for bar shortages from the bartenders' bi-weekly wages, was forfeiture of the tip credit for all hours worked by the bartenders during the applicable periods of time.**

This is a "tipped employee" case. This case does not involve improper notice of the "tip credit." This case does not involve the retention of *any* part of the bartenders' tips by the employer, and does not involve the sharing of tips with employees who do not customarily and regularly receive tips.

In its Orders regarding damages, this Court imposed upon Defendants a forfeiture or "disgorgement" of the tip credit for tipped employees for all hours worked. The law that this Court applied in its Orders in this case, and the law that results from its decisions in this case, is that any non § 203(m)[1] deduction from a tipped employees' wages must result in the employers' forfeiture of the entire tip credit for all hours worked, without regard to 1) the amount of the deduction; without regard to 2) whether the deduction comes directly from the employees' tips or solely from their hourly wage; and without regard to 3) whether the bar shortage deduction causes the employees' hourly wage to fall below the statutorily reduced $2.13 per hour minimum

---

[1] 29 U.S.C. 203(m) is often referred to as § 3(m), as well.

wage payment made by an employer to a tipped employee when utilizing the tip credit.  This result is contrary to the FLSA's established remedial scheme.

This court must adhere to the clearly stated remedial provisions of the FLSA which entitle improperly compensated employees to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Congress did not include forfeiture of the tip credit as a remedy when the improperly compensated worker is a "tipped employee," and the two stated requirements of the FLSA have been complied with by the employer.  Defendants aver that this Court committed clear error by not following the reasoning of Perez v. Ocean View, 217 F. Supp.3d at 868 . This Court should not write a forfeiture of the tip credit for all hours worked into the FLSA in factual situations involving improperly compensated tipped employees where Congress did not see fit to do so.

There are only two situations under the FLSA statutes and Regulations that permit the forfeiture of the tip credit under § 203(m) for an employer's violation of the FLSA, and neither of those situations are applicable here.  The first is when the employer fails to give proper notice to the tipped employee of its intention to use the tip credit. The second is when an employer makes improper use of a tipped employee's tips.  Id. at  877-876.

Contrary to this Court's Orders granting summary judgment, there is no provision in the FLSA that states that any and all violations of § 203(m) result in a forfeiture of the tip credit for all hours worked, or that any and all non- § 203(m) deductions from an employee's wages (not tips) must result in a similar forfeiture.  In its Order regarding damages, this Court states, "[B]ecause Defendants did not follow the mandates of Section 3(m), damages do not take the tip credit into account. See Richard v. Marriott Corp., 549 F.2d 303, 305 (4th Cir. 1977)."  Docket

5

No. 66, at pg. 4. With all due respect, this Court does not state what the "mandates" of Section 3(m) are, nor what "mandates" of Section 3(m) were violated.

The only mandates found in 29 U.S.C. 203(m) are the two cited above which allow for the forfeiture of the tip credit and which are not applicable in this case. The only other "mandate" emanating from the statute, or as interpreted by 29 C.F.R. § 531.59, is that the tipped employee receive $7.25 per hour, comprised of a minimum contribution from the employer of $2.13 per hour and the remainder to be made up in tips. In doing so, the employer "has satisfied the requirements of section 3(m)." Defendants have offered evidence in the record, supported by argument in this and previous memoranda, showing there are genuine issues of material fact sufficient to support a *refusal* of summary judgment, that the Plaintiffs, in fact, received minimum wage, even after the bar shortage deductions. If the bar shortage deductions are found to have been improper, the only remedy possibly available would be the return of the improper deduction to the employees, and not a forfeiture of the tip credit for all hours worked.

Reference by this Court to the Richard case in its Orders is inapposite because the Court's orders do not accurately reflect what the Richard case said. The Richard case does not stand for the blanket assertion that any violation of §203(m), or any non-§203(m) deduction, results in the loss of the tip credit for all hours worked. In Richard, a principal allegation was that defendant Marriott never informed the employees of its intent to use the tip credit provisions of the FLSA. As stated above, failure to inform employees of the employer's intent to use the tip credit is a "mandate" in the FLSA for a forfeiture of the tip credit.

The applicable section of 203(m), as referenced in Richard is

> "The preceding 2 sentences (the tip credit provision) shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all

6

>tips received by such employee have been retained by the employee
>…."

29 U.S.C. 203(m)(2)(A)(ii).

The Court in Richard did not find that there were any improper non-203(m) deductions from the employees' wages. The court in Richard stated, "Marriott never informed its employees of the provisions of Section 3(m) of the Fair Labor Standards Act." Richard v. Marriott, 549 F.2d at pg. 304. When the court in Richard said, "[I]f the employer does not follow the command of the statute, he gets no credit," it was clearly referring to the command set out in the FLSA to notify employees of its intent to use the tip credit as required by 203(m). See Id. at 305.

29 U.S.C. 203(m) does not state anywhere that taking a non-3(m) deduction from the employee's wage is reason to forfeit the tip credit.  In the present case, there was no evidence that the Defendants failed to notify the bartenders of its intent to use the tip credit, nor was the any evidence that the Defendants retained any part of the bartenders' tips. What the FLSA does say is that improperly compensated employees may recover "the amount of their unpaid minimum wages."  In this case, that would equal the amount of the bar shortages, or if this Court should find that the statutory minimum of $2.13 is the appropriate tip credited wage, as contended by Defendants, a total damage of $27.53 would be correct.

**2.     The Court clearly erred by failing to consider Perez v. Ocean View Seafood Restaurant, Inc., 217 F. Supp. 3d 868 (D.S.C. 2016), and the cases cited therein on the issue of damages.**

7

The analysis of the remedies available to employees in an FLSA case who claim to have not been paid minimum wage is set forth in Perez v. Ocean View, above. That case is pertinent to the issue of damages in this case. Defendants recognize that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." 18  J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134- 36 (3d ed. 2011); See also Booker v. S.C. Dep't. of Corr., 855 F.3d, 533, 539 n. 2 (4th Cir. 2017), cert. denied, 138 S. Ct. 755 (2018).  However, Defendants point out that the cited footnote in Booker, and the cases cited therein, are referring to district court precedent on issues pertaining to constitutional rights.

The legal analysis used by the Perez v. Ocean View court, in refusing to require the employer to forfeit the tip credit for failing to pay minimum wage for all hours worked, is cogent and logical. The court refused to create the remedy of forfeiture, or "disgorgement," of the tip credit into the FLSA when Congress failed to do so in situations where the employers were charged with failing to pay the employees minimum wage. The Court made it very clear there would be no forfeiture of the tip credit unless the employer failed to notify the employees of its use of the tip credit, or unless the employer retained any of the employees' tips. Perez v. Ocean View, 217 F. Supp.3d at 877-876.

This Court should follow the rational set out in in Perez v. Ocean View, and not require the Defendants to forfeit the tip credit in this case, because the Plaintiff in the Perez v. Ocean View case was Thomas E. Perez, the Secretary of the United States Department of Labor ("DOL"). It was the DOL that claimed that the employer should forfeit the tip credit when the tipped employee's wages fall below minimum wage. The DOL lost that argument. Defendants could not find any citation indicating that the DOL appealed from the decision of the district

court in Perez v. Ocean View. Defendants could not find any citation indicating that the district court's opinion has received any negative treatment. An appeal would have given the Fourth Circuit Court of Appeals the opportunity to rule definitively on this issue. However, the DOL apparently chose to allow the ruling to stand. It can be inferred that the DOL believed that the district court's ruling was correct, or that the DOL believed that it would not be able to convince the Fourth Circuit that the district court was incorrect.

In Perez v. Ocean View, the DOL also relied on Richard v. Marriott Corp., 549 F.2d 303 to support its contention that the tip credit should be forfeited. It lost on that argument, as well. The district court distinguished the Richard case, concluding that the Richard case actually *supports* the employer's contention that the tip credit not be forfeited. The court determined that the tip credit was forfeited in Richard because the employer failed to notify the employees of its intended use of the tip credit, an articulated reason for forfeiture under the FLSA.

The ruling in Perez v. Ocean View was supported by other United States district court decisions from outside of South Carolina; each one ruling that there would be no forfeiture of the tip credit in similar circumstances. Perez v. Ocean View, 217 F. Supp. 3d at 874-75. While the cases from outside of our district may not have been controlling authority, they represent a robust consensus of cases of persuasive authority.  See argument number 4, below.

**3.     The Court clearly erred in granting summary judgment on the issue of damages, as genuine issues of material fact exist as to whether or not the employers' deductions for bar shortages caused the bartenders wages to fall below minimum wage.**

Summary judgment is proper "only if taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party," there are no genuine

disputes of material fact and the moving party is entitled to judgment as a matter of law. Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc); see also Fed. R. Civ. P. 56(a).

This Court correctly stated in Docket No. 66 that, "[T]he tip credit provision provides that an employer may pay a tipped employee less than the statutory minimum hourly wage, but not less than $2.13 per hour, if the tips she actually receives, when added to the hourly wage she is actually paid by the employer, are at least equal to the statutory minimum wage, here $7.25. 29 U.S.C. § 203(m)(2)."

In this case, there was no factual dispute that the statutory minimum wage was $7.25 per hour; that the employers paid the bartenders $4.25 per hour; and in the case of Ryan Sellers only, her hourly wage increased to $4.75 per hour; and that the employers deducted from Plaintiffs' paychecks an amount equivalent to lost revenue for bar shortages. However, there is evidence in the record showing that even with the bar shortage deductions, that the bartenders' wages did not fall below the statutory minimum of $2.13 per hour using the tip credit. 2

Genuine issues of material fact exist, requiring an evidentiary hearing and findings of fact to determine if the bar shortage deduction caused a bartenders' wages to fall below $2.13 per hour during each work week because the bartenders were paid more than $2.13 per hour. There would only be a violation of the FLSA for failing to pay an employee less than minimum wage if the bartenders earned less than $2.13 per hour plus tips sufficient to reach $7.25 per hour. If the employers paid the bartenders the minimum of $2.13 per hour and utilized the tip credit to make up the difference between $2.13 per hour and $7.25 per hour, there would be no question that any deduction for bar shortages would cause the bartenders' wages to fall below the statutory

---

[2] Defendants submitted calculations in Docket Nos. 65-2 and 65-3 showing that the Plaintiffs' wages may have fallen below $2.13 to the total extent of $27.99 as it pertained to only two bartenders during the entire time in question in this case by reason of the bar shortage deductions.

minimum. But because the bartenders were paid more than $2.13 per hour, the question of whether the bartenders' wages fell below $2.13 per hour becomes a contested issue of fact.

**4.     The Court clearly erred in granting summary judgment to Plaintiffs and extending the statute of limitations to three years, as genuine issues of material fact exist as to the issue of the employer's willfulness to violate the FLSA.**

In McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Supreme Court ruled that only those employers who "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]" have willfully violated the statute. Negligent conduct is insufficient to show willfulness. Richland Shoe, 486 U.S. at 135, 108 S. Ct. 1677. Furthermore, the employee bears the burden of proof when alleging a violation is willful. See Id. Willfulness is, conceptually, a question of fact. Regan v. City of Charleston, 142 F. Supp. 3d 442, 463 (D.S.C. 2015).

In Desmond v. PNGI Charles Town Gaming, LLC, 630 F.3d 351, 359 (4th Cir. 2011), the court vacated a summary judgment rendered against the employer on the issue of willfulness in an FLSA case. As in the present case, the court determined that there was evidence in the record creating a genuine issue of material fact. When viewing that evidence in a light most favorable to the non- moving party, the issue of willfulness was remanded to the district court for trial.

There is evidence in the record in this case supporting Defendants' contentions that it did not know or show reckless disregard for the matter that their conduct was prohibited by the FLSA. Defendants had received instruction from a manager who had experience with the FLSA. The Defendants were not warned that that bar shortage deductions were a violation of the FLSA by the company that conducted the bar shortage audits. The Defendants knew not to retain any of

11

the bartenders' tips, and did not retain any of the Bartenders' tips. The Defendants allowed the bartenders to take home all tips earned at the end of each shift, including all cash tips, as well as all credit card tips for which the Defendants had not even received actual payment. The credit card tips were paid to the bartenders in cash, from the cash receipts, on the date the credit card tips were received. The Defendants paid the bartenders at least $4.25 per hour; that is $2.12 per hour more than the statutory minimum under the tip credit rules. The Defendants saw the bartenders dividing up the cash tips at the end of some shifts and saw the large amount of cash tips the bartenders were able to take home, feeling confident that the bartenders were making significantly more than minimum wage. The Defendants knew that the bartenders were making more than minimum wage based solely on their reported credit card tip information, and not taking into account the bartenders' cash tips, which went mostly unreported. This evidence is sufficient to overcome a grant of summary judgment on the issue of willfulness and any damages determined in this case should be subject to a two year statute of limitations.

**5. A clear error of law, which results in manifest injustice, results from the Court's determination that the FLSA's remedial scheme provides for, or permits, the forfeiture of the tip credit in every case where a non- 203(m) deduction is taken solely from an employee's wages, and not from their tips.**

This Court has ruled that an employer forfeits the tip credit without consideration of whether the non-203(m) deduction came from the employees' wages or the employees' tips. The Court has ruled that an employer forfeits the tip credit without consideration of whether the non-203(m) deduction brought the employee's hourly wage below minimum wage.

Employers are prohibited by the FLSA from retaining any part of an employee's tips. The employers in this case did not retain any of the employees' tips. The Court should have found

12

that if a non-203(m) deduction comes *only* from an employee's wages, and not from their tips, the employee is only entitled to recover the amount of their unpaid minimum wage.

The U.S. Dep't. of Labor in Perez v. Ocean View unsuccessfully attempted to advance the forfeiture argument, as discussed above. In Goldin v. Boce Group, L.L.C., 773 F.Supp.2d 1376 (S.D. Fla. 2011), the plaintiff also unsuccessfully attempted to advance the forfeiture argument. The plaintiff in Goldin, a tipped employee, was paid the required reduced minimum wage for forty (40) hours, but was not paid at all for an additional eleven (11) hours of overtime. Goldin v. Boce Group, L.L.C., 773 F.Supp.2d at 1378. The court in Goldin firmly rejected the plaintiff's efforts to obtain a huge windfall recovery by Plaintiffs by definitively stating, "There is no basis in the FLSA for the relief Plaintiff seeks." Id. at 1379. The plaintiff in Goldin argued that "the FLSA requires, as a condition precedent, that the specified reduced cash wage be paid for every hour worked and because that condition was not met, the 'tip credit' allowed by the FLSA is unavailing." Id. at 1379. As the court in Goldin correctly recognized, the plaintiff was demanding that the defendants pay him "as if he were not a tipped employee at all." Id. The following explanation in Goldin is particularly compelling:

> The FLSA clearly lays out the prerequisites an employer must meet in order to claim the tip credit. There are only two: (1) the employer must inform the employee that the employee will be paid the reduced minimum wage; and (2) all tips received by the employee must be retained by the employee. 29 U.S.C. § 203(m). There is no "condition precedent" that the reduced cash wage be paid for every hour worked before an employer is entitled to claim the statutorily-mandated tip credit. See Id. Congress could, and did, write into the FLSA express

13

> conditions precedent to the application of the tip credit. The Court
> declines to read a condition precedent into the statute where Congress
> did not create one. In re Tennyson, 611 F.3d 873, 877 (11th Cir. 2010)
> (stating that where statute is "clear, unambiguous, and does not result
> in any absurd consequences," the Court "will not...read into the text of
> the statute an unstated purpose..."). In addition, the FLSA very clearly lays
> out the remedies available to employees who are subject to FLSA violations by
> employers. Successful FLSA plaintiffs are entitled to recover "the amount of their
> unpaid minimum wages, or their unpaid overtime compensation, as the case
> may be, and an additional amount as liquidated damages." 29 U.S.C.§
> 216(b). Congress wrote specific remedies into the statute. Congress
> did not choose to include as a remedy disgorgement of the tip credit where the
> plaintiff is a tipped employee. The Court will not write this additional remedy
> into the statute where Congress did not see fit to do so. See In re Tennyson, 611
> F.3d at 877.

Goldin at 1379. The court in Goldin went on to say:

> [A]ll employees who are not paid for every hour worked have a
> remedy. However, for tipped employees, that remedy is not recovery
> of the difference between the reduced and full minimum wage.
> Instead, the remedy is recovery of the wages the employee was
> entitled to in the first place. Those wages are payable at the reduced
> minimum wage provided for in section 203(m) of the FLSA.

Id. at 1380.

14

Three (3) other U.S. District Court judges reached the same conclusion and rejected the forfeiture of the tip credit theory of recovery on the ground that Section 203(m) sets forth the only two (2) requirements that must be met by an employer in order to use the tip credit. Those cases are: <u>In Re Muldowney v. Mac Acquisition, LLC</u>, 2010 WL 520912 (S. D. Fla. 2010), <u>Perez v. Palermo Seafood, Inc</u>., 2008 WL 7505704 (S. D. Fla. 2008), and <u>Dominguez v. Quigley's Irish Pub, Inc.</u>, 790 F.Supp.2d 803 (N. D. Ill. 2011). The tipped employee plaintiffs in <u>Dominquez</u> were not paid for all hours worked and the plaintiffs argued unsuccessfully for forfeiture of the tip credit. The court in <u>Dominquez</u> refused to deviate from the very clearly stated remedies that are set forth in the FLSA. <u>Dominguez v. Quigley's</u>, 790 F.Supp.2d at 819.

To illustrate the manifest injustice involved in requiring the Defendants to forfeit the tip credit, as opposed to requiring the Defendants to "pay the minimum wage due," Defendants ask the Court to look at the pay stubs of Plaintiff Ryan Sellers contained in the record as Docket No. 23-3.

Her first stub for the pay period beginning 01/28/15 shows that she worked 80 hours @ $4.13 per hour and earned wages of $330.40. She reported tips of $408.00 for total gross wage $738.40 (not including overtime). Please recall that the reported tips only included credit card tips and did not include cash tips. The total bar shortage deduction for that period was $52.03, which brought her net pay to $686.37. That translates to an average reported wage of $8.57 per hour, after the bar shortage deduction. Notwithstanding that, her paystub shows she earned $1.32 above the $7.25 minimum wage for the full 80 hours. Under the Court calculations involving forfeiture of the tip credit, the employer now owes her an additional $3.12 per hour for the same 80 hours, or an additional $249.60. When that amount is liquidated in accordance with the Court's Order, the employee receives an additional $499.20, along with the $686.37 she has

15

already received for that pay period, for a total of $1,185.57, not including cash tips and, according to Defendant Mark Keller, not including all of her credit card tips. The amount of the bar shortage deduction for that period was $52.03. That is the amount of her "unpaid minimum wage." Defendants point to evidence in the record which shows that using this same calculation, even after the bar shortage deductions, and accepting the Plaintiff's reported tips as correct, only two employees' wages, out of all of the Plaintiffs involved in this case, fell below $2.13 per hour during all of the applicable 3 year time limitations applied in this case, to the total amount of $27.53.

Ms. Seller's other pay stubs from the above stated exhibit are similarly summarized below. The calculations show that after the bar shortage deductions, and accepting the Plaintiff's reported tips as correct, and not including her cash tips, her hourly wages came out to $8.08 per hour, $10.14 per hour, and $8.31 per hour.

Under the Court's calculation of damages, the Plaintiffs receive a windfall, essentially in the form of receiving an amount that would nearly double his/her total compensation for every hour worked during the applicable time periods. This result is manifestly unjust. This result is a complete disregard for the FLSA's remedial scheme (i.e. "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages") as set forth in 29 U.S.C. 216(b). Congress wrote specific remedies into the FLSA and did not include as a remedy forfeiture of the tip credit when the worker is a tipped employee allegedly fails to receive less than minimum wage. There is also evidence in the record which precludes a summary judgment of this issue.

Summary of Docket No. 23-3 Paystubs of Plaintiff Ryan Sellers

| Pay Period | Hrs. Wk'd | Wages | Rpt'd Tips | Gross | Bar Deduct | Per Hr. | No Tip Cred. |
|---|---|---|---|---|---|---|---|
| 01/28/15 | 80 | 330.40 | 408.00 | 738.40 | 52.03 | 8.57 | 249.60 |
| 05/06/15 | 78.30 | 371.93 | 327.00 | 698.93 | 65.77 | 8.08 | 176.17 |
| 07/15/15 | 80 | 380.00 | 462.00 | 842.00 | 30.25 | 10.14 | 180.00 |
| 12/02/15 | 64.17 | 304.81 | 290.00 | 594.81 | <u>61.49</u> | 8.31 | <u>144.38</u> |
|  |  |  |  |  | 209.54 |  | 750.15 |

**Using this example, a forfeiture of the tip credit would result in the employer being Ordered to pay $750.15 to the employee. Liquidated, that amount would be $1,500.30, in addition to the wages and tips already received by the employee. If the Court uses $4.13 per hour as the amount required by the tip credit, the amount of the employee's "unpaid minimum wage" is $209.54, essentially the amount of the bar shortage deductions. If the Court uses the statutory minimum under the FLSA required for use of the tip credit of $2.13 per hour, the amount of the employee's unpaid minimum wage would be $0.00.**

5.      The Court should reconsider its award of attorney's fees and costs.

In the event the Court finds it appropriate to amend or alter its judgment in accordance with this motion, the Court should also reconsider its award of attorney's fees and costs. A reconsideration of the 12 factors found in <u>Barber v. Kimbrell's Inc.</u>, 577 F.2d 216, 226 n. 28 (4th Cir.1978), would be necessary.

CONCLUSION

In conclusion, Defendants move this Court for an Order altering, amending or reconsidering its Orders granting Plaintiffs summary judgment on the issues of liability and damages, dated June 26, 2019, Docket No. 56 (liability) and dated August 26, 2019 and August 28, 2019, Docket Nos. 66 and 67, respectively (damages), on the basis that there has been a clear error of law or manifest injustice created by the entry of those Orders, and that the Orders be vacated and amended to reflect judgment for Defendants in accordance with the terms hereof. Alternatively, Defendants request the Court to set this case for a hearing on its merits in the event the Court finds that genuine issue(s) of material fact exist on the issues of liability and/or damages. Defendants welcome the opportunity to argue the terms of this motion, or any of the merits of this case, before the Court.

Respectfully submitted,
SOLOMON, BUDMAN & STRICKER, LLP
By:   /S/ Donald J. Budman
    Donald J. Budman, # 1562
    P.O. Box 30280
    Charleston, South Carolina, 29417
    Phone- (843)-763-1118
    Fax- (843)-763-7518
    Email- dbudman@southcarolinalaw.org
COUNSEL FOR DEFENDANTS:
KELLER UNLIMITED, LLC
57 LIMITED, LLC   and
MARK KELLER, Individually

Charleston, South Carolina
17th day of September, 2019