IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ryan C. Sellers, On Behalf of Herself And all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Keller Unlimited, LLC, DBA Two Keys Tavern, 57 Limited, LLC, DBA Two Keys Public House, and Mark Keller, individually,<br><br>Defendants. | CIVIL ACTION NO.: 2:17-cv-2758-RMG |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND OR ALTER JUDGEMENT AND SEEKING POST JUDGEMENT INTEREST AND ATTORNEY'S FEES**

Plaintiff Ryan Sellers, on behalf of herself and others similarly situated, (collectively "Plaintiffs") hereby move this Court to deny Defendants' Keller Unlimited, LLC, DBA Two Keys Tavern, 57 Limited, LLC, DBA Two Keys Public House, and Mark Keller (collectively "Defendants") Motion to Amend or Alter the Judgement. (Dck No 69). Additionally, Plaintiffs are also seeking post judgement interest and attorney's fees, for the reasons set below.

**PROCEDURAL HISTORY**

Plaintiffs, are former bartenders employed by the Defendants, who had their hourly wages reduced each week for bar shortages the Defendants incurred. This case was initially filed on October 11, 2017, as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. (Dck. No. 1). The Court granted conditional certification on September 20, 2018 (Dck. No. 27). Eleven former bartenders opted-in into the action. After the Court ruled on

certification, both parties filed numerous motions, consequently both sides had the opportunity to argue the contested issues to the Court.

On April 20, 2019, Plaintiffs filed a Motion for Summary Judgment on the issue of Defendants' liability. (Dck. No. 41) The Defendants filed their Response in Opposition on May16, 2019. (Dck. No 45). On June 7, 2019, the Defendants filed a Motion to Decertify. (Dck. No. 49). Plaintiffs filed their Motion in Opposition on June 21, 2019. (Dkt. No. 54) On June 28, 2019, in two separate Orders, the Court granted Plaintiffs' Motion for Summary Judgement and denied Defendants' Motion for Decertification. (Dck. No. 55) (Dck. No. 56)   On August 2, 2019, Plaintiffs filed their Motion for Summary Judgment on Damages along with a Fee Petition. (Dck. No. 64).  Defendants filed a Memorandum in Opposition on August 15, 2019. (Dck. No. 65).  The Court granted Plaintiffs' Motion for Damages on August 26, 2019, Ordering a judgement against the Defendants in the amount of $63,043.66 in damages and $69,973.46 in attorney's fees and costs. (Dck. No. 66).  Shortly after the entry of judgement, Plaintiffs' Counsel discovered she made an error calculating damages by including hours outside the three-year statute of limitations, thus, the damage calculations submitted to the Court were incorrect. Plaintiffs filed a Motion to Amend the Damages from $63,043.66 to $51,696.29. (Dkt. No. 66).  The Court granted Plaintiffs' Motion to Amend Plaintiffs' damages. (Dkt. No. 68)

Notwithstanding, that this Court entered a seven (7) page written Order carefully considering the judgement; Defendants filed a Rule 59(e) Motion to Amend or Alter the Judgement on September 17, 2019. (Dck. No. 69) Plaintiffs respectfully ask the Court to deny Defendants' Rule 59(e) Motion and award additional attorney's fees and post judgement interest.  The Defendants' Motion is not a proper Rule 59(e) motion, in that the Defendants are attempting to relitigate old matters by making arguments they previously made and the Court previously

decided. The Defendants' Motion was filed to cause delay. This delay has prejudiced the Plaintiffs who have already been harmed by the Defendants.

## STANDARD

A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. See Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). *Cross v. Fleet Res. Ass'n Pension Plan, No.*: WDQ-05-0001, 2010 U.S. Dist. LEXIS 95988, at *5-6 (D. Md. Sep. 13, 2010). While the decision whether to grant Rule 59(e) relief is within the discretion of the district court, district courts within the Fourth Circuit may generally grant a Rule 59(e) motion only if "the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not [previously] available . . ., or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp*., 599 F.3d 403, 407 (4th Cir. 2010) (*citing Ingle ex rel. Estate of Ingle v. Yelton,* 439 F.3d 191, 197 (4th Cir. 2006)). Rule 59(e) relief has therefore been described as "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (*quoting* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

## ARGUMENT

**1.     The Defendants' Rule 59(e) Motion is Seeking to Relitigate Issues the Court has Previously Decided.**

It is a well settled that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*. 148 F.3d at 403 (*quoting* 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127-28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D.Md. 2002), *aff'd,* 86 Fed. Appx. 665 (4th Cir. 2004) (*citation omitted*) Where a motion does not raise new arguments,

but merely urges the court to 'change its mind,' relief is not authorized. *Id.* Although Defendants claim their Rule 59(e) Motion is based on a clear error of law or manifest injustice, the arguments they put forth are ones they have previously made and the Court has previously decided.

In Defendants' Rule 59(e) Motion, they revisit the same argument they made in their Memorandum in Opposition to Plaintiffs' Summary Judgement Motion on the Issues of Damages. (Dck. No. 65, p 6-7) (Dck. No. 69, p 2-3) Essentially the Defendants are again requesting to avail themselves of the benefit of the tip credit provision. The Defendants argue Plaintiffs' damages should be limited to Plaintiffs' unpaid minimum wages, by requiring Defendants to reimburse the bartenders for the amounts deducted for bar shortages, or by requiring the Defendants to reimburse the bartenders only for the bar shortage deductions. The Defendants are asking the Court to reconsider and reverse its August 26, 2019 judgement against the Defendants (Dck. No. 66).

Not only do the Defendants make the same argument they previously made, they also rely upon the same cases. The Defendants claim the Court made a clear error of law or a manifest injustice by not reaching the same conclusion on damages as the District Court came to *Perez v. Ocean View Seafood Rest., Inc*., 217 F. Supp. 3d 868, 872 (D.S.C. 2016) (Dkt. No. 69 p.1, 69-1 p. 2). The Defendants reliance on *Perez* is misplaced. Although both cases involve restaurants, the legal issues are different. *Perez* and the other cases Defendants base their arguments on, are "off the clock" claims as well as failure to pay overtime claims. The issue in this case is failure to comply with the requirements of § 203(m) due to improper deductions the Defendants made from Plaintiffs' hourly wages for inventory shortages. Therefore, the legal analysis is different.

The *Perez* Court held the Defendants complied with the requirements of § 203(m), "making them eligible to avail themselves of the benefits of the tip credit provision of the FLSA". *Id* at 876.

(Dck. No. 65 p 6-10). The Defendants ignore that the Court made the opposite factual findings. This Court stated,

> Here, it is undisputed that the statutory minimum wage is $7.25 per hour, that Defendants claimed a tip credit to instead pay Plaintiffs between $4.13 and $4.75 per hour, and that Defendants deducted from Plaintiffs' paychecks an amount equivalent to lost revenue for bar shortages. (Dkt. No. 41-2 at 4-5, No. 45 at 7, No. 9.) Because of that deduction, it is undisputed that the amount of cash wages actually paid (after the bar shortage deduction) plus the tip credit is below $7.25, the applicable minimum hourly wage. *Therefore, Defendant did not comply with the requirements of Section 203(m)(3) and cannot take advantage of the tip credit(emphasis added)*

(Dkt. No. 66) The Defendants disregarded the factual and legal distinctions between this case and the *Perez* case and made this argument twice. Disagreement with the court's decision is not a proper basis for a Rule 59(e) motion. *Laschkewitsch v. Transamerica Life Ins*. Co., No. 5:14-CV-632-D, 2017 U.S. Dist. LEXIS 110998, at *3 (E.D.N.C. July 17, 2017) (*quoting Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). A Rule 59(e) motion is not an invitation to reargue the very same issues the court has previously decided, nor is it intended to give unhappy litigants another chance to sway the judge. *Melvin v. SSA, No*. 5:14-CV-170-F, 2016 U.S. Dist. LEXIS 131001, 2016 WL 7383542, at *1 (E.D.N.C. Sept 26, 2016). Given, that Defendants' Rule 59(e) Motion did exactly that, the Court should dismiss the Defendants' Motion.

   2. **The Defendants' Rule 59(e) Motion Lacks Merit and Was Filed to Cause Delay.**

A Rule 59(e) motion is not a prerequisite to filing an appeal, therefore the Defendants' Motion should have had a reasonable basis. Nonetheless, the Defendants arguments lacked a reasonable basis because they did not meet any of the grounds for reconsideration. Defendants did not identify any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would cause this Court to alter its previous Order. It follows that the only purpose of the Defendants' Rule 59(e) Motion was to cause delay in paying the judgement,

resulting in further harm to the Plaintiffs. The Plaintiffs have already suffered harm due to the Defendants' policy of deducting inventory losses from their hourly wages. Given that the Plaintiffs' hourly wages were only $4.13 to $4.75 an hour, the Defendants' unlawful deductions had a financial impact on Plaintiffs.

Although, Plaintiffs are not asking for sanctions, in similar circumstances where parties have filed meritless Rule 59(e) motions, district courts have awarded sanctions. *See e.g. Home Casual Enter. v. Home Casual LLC,* No. 11-cv-661-wmc, 2013 U.S. Dist. LEXIS 128610, at *21 (W.D. Wis. Sep. 10, 2013). "A court may impose Rule 11 sanctions for arguments that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc*., 202 F.3d 965, 968 (7th Cir. 2000). In this situation, the Defendants' Motion was filed for an improper purpose. It is Plaintiffs' contention; the purpose of Defendants' Rule 59(e) Motion was to delay payment to the Plaintiffs. Accordingly, Plaintiffs request post-judgement interest and attorney fees.

### a. The Court Should Award Post-Judgement Interest

Post judgment interest is due on awards under FLSA in accordance with 28 U.S.C. § 1961. *See, e.g., Thomas v. County of Fairfax, Va*., 758 F. Supp. 353, 370 (E.D. Va. 1991). *See, also. Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n,* 852 F.3d 217, 223 (2d Cir. 2017). Plaintiffs ask the Court to award post judgment interest pursuant to and at the interest rate provided by, 28 U.S.C. § 1961.

### a. The Court Should Award Attorneys' Fees Because Plaintiffs' Counsel was Required to Respond to Defendants' Meritless Motion

Although this Court previously Ordered fees. (Dkt. No. 66) The fees Plaintiffs' Counsel requested in her Fee Petition did not contemplate Defendants' filing a meritless Rule 59(e) motion. A fee application is timely if is filed within the applicable limitations period following the

disposition of a Rule 59(e) motion. *Brown v. Local 58 International Brotherhood of Electrical Workers,* 76 F.3d 762 (6th Cir. 1996).  It follows that, Plaintiffs' request for attorney's fees are timely, given that the Court has not decided Defendants' Rule 59(e) motion.  Additionally, "[t]he payment of attorney's fees to employees prevailing in FLSA cases is mandatory". *See* 29 U.S.C. § 216(b); *See also*, *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). Plaintiffs' Counsel spent an additional 12.5 hours researching and responding to Defendants' Motion, thus at Plaintiffs' Counsel's hourly rate of $300.00 an hour, Plaintiffs request that the Court award $3750.00 in fees, in addition to the amount the Court previously Ordered.

## CONCLUSION

The Defendants clearly fail to show that reconsideration of this court's order denying their motions is necessary "to correct a clear error of law or prevent manifest injustice." Consequently, their motion is an impermissible attempt to re-litigate old matters and is without merit and it should be denied and attorney's fees should be entered.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 100
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
Fax (843) 593-9334
marybeth@mullaneylaw.net

*Attorney for Plaintiffs*